UNITED STATES DISTRICT COURT
SOUTHERN DISTRISCT OF NEW YORK
-------------------------------------------------------------------------x
DARREN PRINCETON,

    Plaintiff,

                                                      **COMPLAINT**

- against –

ENTITY ABC a/k/a KINGSBORO STAR MEN'S SHELTER or
KINGSBORO MEN'S SHELTER, THE CITY OF NEW YORK     **JURY TRIAL**
NEW YORK CITY DEPARTMENT OF HOMELESS     **DEMANDED**
SERVICES, COMMISSIONER JOSLYN CARTER,
NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES
POLICE, COMMISSIONER JOSEPH A. GARCIA, and
EMPLOYEES JOHN DOE 1 – JOHN DOE 5, and
SECURITY OFFICERS JOHN DOE 1 – DOE 5,

    Defendants.
-------------------------------------------------------------------------x

The Plaintiff, DARREN PRINCETON, alleges as follows:

1. This is an action for personal injuries sustained by plaintiff on or about the 18th day of December, 2016, as a result of, *inter alia*, the defendants' deliberate and intentional assault and battery and/or negligent, improper or insufficient establishments, oversight and training in violation of plaintiff's constitutional rights.

2. Jurisdiction is predicated upon the alleged violation of federal statutes, including but not limited to 42 USC Section 1983.

3. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988 and, inter alia, the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1332 and 1343 and the aforementioned statutory and constitutional provisions.

5. Venue properly lies in this District under 28 U.S.C. 1391(b), this being the District in which several defendants and the plaintiff reside.

6. At the present time, plaintiff, DARREN PRINCETON is a resident of the State of New York, City of New York, County of New York.

7. At the time of the incident alleged herein, the plaintiff was a resident of the State of New York, City of New York, County of Kings.

8. The plaintiff was a resident of ENTITY ABC a/k/a KINGSBORO STAR MEN'S SHELTER or KINGSBORO MEN'S SHELTER, 681 Clarkson Avenue, Brooklyn, NY ("KSMS"), for approximately a week prior to the incident and his belongings were stored in his dorm room where he spent each night with his room-mates during his limited time in the facility.

9. At the time of the incident alleged herein and at all times relevant hereto, the defendant, KSMS, was and is a homeless shelter providing temporary and/or long-term housing to homeless individuals, including those with mental-health challenges and, in particular, the plaintiff herein.

10. At the time of the incident alleged herein and at all times relevant hereto, the defendant, THE CITY OF NEW YORK ("NYC") was and is a city governmental unit responsible for supervision of various agencies, including those responsible for homeless services, including most relevant hereto, THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES and the NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES POLICE.

11. At the time of the incident alleged herein, the defendant, NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES (NYC DHS), was and is a New York City Department tasked with responsibility for the establishment, operation and supervision of homeless shelters in the City of New York, including KSMS.

12. The defendant, JOSLYN CARTER, is the current Commissioner of NYC DHS, having replaced her predecessor after the incident herein.

13. At the time of the incident alleged herein and all times relevant herein, the defendant, THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES POLICE (NYC DHS POLICE) was and is a state governmental office or department responsible for the provision and operation of police services for homeless-service agencies and others providing homeless services in the City of New York, including responsibilities related to KSMS.

14. The defendant, COMMISSIONER JOSEPH GARCIA, is the current head of the NYC DHS POLICE.

15. At the time of the incident alleged herein, the defendants, SECURITY OFFICERS JOHN DOE 1 – JOHN DOE 5, were engaging in the policing and supervision of the security at the entrance area of KSMS.

16. At the time of the incident alleged herein, the defendants, EMPLOYEES JOHN DOE 1 – JOHN DOE 5 were engaging in the oversight, supervision and staffing of KSMS.

17. At the time of the incident alleged herein and all times relevant thereafter, the defendants, NYC, NYC DHS, NYS DHS POLICE, COMMISSIONER JOSEPH GARCIA, COMMISSIONER JOSLYN CARTER, KSMS, EMPLOYEES JOHN DOE 1 – JOHN DOE 5, and SECURITY OFFICERS DOE 1 – DOES 5, were responsible, in varying degrees and to varying extents, for the establishment, operation, supervision and evaluation of the services and care at KSMS as well as general the care of and services to clients, potential clients and/or other enrollees or members of the public who sought entrance to or services at KSMS and were actively engaged in providing such care, services and oversight to the plaintiff at the time of the incident alleged herein.

18. At or about approximately 3pm on December 18, 2016, plaintiff was attempting to enter the homeless facility at KSMS and was confronted by unknown EMPLOYEES and or SECURITY OFFICERS working at KSMS, said individuals referred to herein as EMPLOYEES JOHN DOE 1 – JOHN DOE 5 and SECURITY OFFICERS JOHN DOE 1 – JOHN DOE 5.

19. The defendants referred to in paragraph "18" above engaged in an exchange with the plaintiff and the plaintiff asked to speak to a supervisor, manager, and/or counselor or other more senior staff member.

20. The defendants in paragraph "18" above refused to permit plaintiff to gain further access to KSMS and refused to summon an appropriately qualified staff member.

21. The defendants referenced in paragraph "18" above grabbed the plaintiff by the arms and threw plaintiff to the floor in an inappropriately violent manner.

22. The aforementioned defendants cleared out the area in which the assault was taking place and began kicking and stomping upon the plaintiff.

23. Only when the plaintiff was screaming that his leg was broken did the defendants eventually stop their assault and battery of the plaintiff and called for an ambulance.

24. The defendants did not place the plaintiff under arrest or write up a report of any kind.

25. No police officer was ever called.

26. The plaintiff was taken by ambulance to Kings County Hospital Center at 451 Clarkson Avenue, in the City and State of New York, County of Kings.

27. The plaintiff was diagnosed at Kings County Hospital Center with a nondisplaced fracture of his lateral malleolus of his right fibula and was placed in a walking cast.

28. Plaintiff remained in the cast and on crutches for approximately 3 months.

29. The incident described above caused the plaintiff to suffer severe physical and mental injuries and will continue to cause the plaintiff to suffer from physical and psychic pain.

30. Upon the plaintiff's return to KSMS, he was told by security officers to get his belongings and leave. Plaintiff believes his belongings were thrown out.

31. No administrative staff were present for this encounter and no referral to appropriate services was provided to plaintiff.

32. The plaintiff complied with that directive.

33. The plaintiff continued through the three month period he was in a cast to be treated by hospitals and shelters until the cast was removed.

34. The defendant, NYC, is the legal entity responsible for the operations, decision-making and other official, municipal, and/or "state" acts within the geographical boundaries of the City of New York and/or for the operation, decision making and acts of the defendant agencies under their auspices as well as the employees, agents and representatives thereof.

35. The defendant, NYC, NYC DHS, and/or NYC DHS POLICE is/are the employer(s) of the individual defendant commissioners and other employees working on behalf of or supervising the services received by the plaintiff while homeless and while participating in shelter program at KSMS.

36. The defendants, NYC DHS POLICE COMMISSIONER JOSEPH and NYC DHS COMMISSIONER CARTER are sued in their official capacity as the head of their respective agency and by virtue of the fact that they replaced the acting head of their respective agency who, at the time of the incident, were acting under color of state law.

37. Upon information and belief, the predecessor commissioners of defendants in paragraph "36" were responsible for the hiring, screening, training and supervision of the staff and security guards and other employees at KSMS at the time of the incident herein.

38. KSMS was acting under color of state law and were responsible for their employees and other staff at the site, also acting under color of state law, at the time of the incident alleged herein.

39. In the course of the incident alleged herein the plaintiff was assaulted through no fault of his own.

40. With deliberate indifference to the rights of plaintiff and citizens in general to be free from excessive force by state actors, the defendants encouraged, tolerated, ratified, and/or acquiesced in a dangerous environment of staff and/or security conduct by:

    a. failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

    b. failing to adequately punish unconstitutional uses of force;

    c. tolerating the use of unconstitutional uses force;

    d. ongoing failure to properly or neutrally investigate complaints of excessive force; and

    e. tolerating, encouraging, and permitting collusive statements by all those involved in such situations.

41. Upon information and belief, it was and/or is the longstanding widespread deliberately indifferent custom, habit, practice and/or policy of the defendants to permit or encourage EMPLOYEES and/or SECURITY OFFICERS to use excessive force against individuals when such use was and is unnecessary and unjustified, as well as to fail to supervise and train such staff in the appropriate constitutional limits on the use of force, knowing that these staff therefore pose a significant risk of injury to the public.

42. Upon information and belief, the defendants have ratified and declared unconstitutional retaliatory actions as justified by using bogus, insufficiently investigated and/or partial oversight findings of non-fault and justifiable use of force by the EMPLOYEES and SECURITY OFFICERS involved in incidents similar to the one suffered by the plaintiff.

43. As a direct and proximate result of the aforementioned wrongful conduct of each of the defendants, plaintiff has been seriously injured.

44. These injuries include, but are not limited to, loss of constitutional and federal rights, physical injuries, impairments, pain, suffering and emotional distress, and aggravation of pre-existing

conditions, and ongoing special damages for medically/psychologically related treatment caused by the unconstitutional and moving forces concerted conduct of all these defendants.

45. Also as a result of the conduct of defendants as aforementioned herein, the plaintiff suffers persistent neurological damage from his injuries.

46. Also as a result of the conduct of defendants as aforementioned herein, the plaintiff also continues to suffer ongoing emotional distress, with significant PTSD type symptoms, including sadness, anxiety, stress, anger, depression, frustration, sleeplessness, nightmares and flashbacks from this treatment.

47. The plaintiff is also entitled to punitive damages on all of his claims as well as attorneys' fees against the defendants for their unconstitutional, intentional and/or deliberately indifferent failure(s) to redress their willful, malicious, wanton, reckless and/or fraudulent conduct.

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Excessive Force in Violation of the Fourth and Fourteenth Amendments

48. The plaintiff hereby incorporates all other paragraphs of this complaint as if more fully set forth herein.

49. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

50. The plaintiff in this action is a citizen of the United States and all of the individual police officer defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

51. All the defendants, at all times relevant hereto, were acting under the color of state law and their acts or omissions were conducted within the scope of their official duties or employment.

52. At the time of the complained of events, plaintiff had a clearly established constitutional right to be secure in his person from unreasonable and unconstitutional uses of force.

53. The plaintiff also had the clearly established constitutional right under the Fourteenth Amendment to bodily integrity and to be free from unconstitutional excessive force.

54. Any reasonable staff member or security officer knew or should have known of these rights at the time of the complained of conduct as the rights were clearly established at that time.

55. The defendants' actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of plaintiff.

56. The defendants' actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to plaintiff's federally protected rights. The force used by these defendant officers shocks the conscience and violated these rights of plaintiff.

57. The defendants unlawfully seized and assaulted plaintiff by means of objectively unreasonable physical force, thereby unreasonably restraining plaintiff of his freedom.

58. None of the defendant staff or officers took reasonable steps to protect plaintiff from the objectively unreasonable and conscience shocking excessive force of other defendants or from the excessive force of later responding defendants despite being in a position to do so.

59. The defendants engaged in the conduct described by this complaint willfully, maliciously, in bad faith, and in reckless disregard of plaintiff's federally protected constitutional rights.

60. The defendants engaged in the conduct with shocking and willful indifference to plaintiff's rights and their conscious awareness that they would cause plaintiff severe physical and emotional injuries.

61. The acts or omissions of all individual defendants were moving forces behind plaintiff's injuries.

62. These individual defendants acted in concert and joint action with each other.

63. The acts or omissions of defendants as described herein intentionally deprived plaintiff of her constitutional rights and caused her other damages.

64. These individual defendants are not entitled to qualified immunity for the complained of conduct.

65. The defendants to this claim at all times relevant hereto were acting pursuant to municipal/state/city/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to plaintiff.

66. As a proximate result of defendants' unlawful conduct, plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the defendants' unlawful conduct, plaintiff has incurred special damages.

67. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. The plaintiff may also be entitled to special damages for lien interests.

68. In addition to compensatory, economic, consequential and special damages, plaintiff is entitled to punitive damages against each of the individually named defendants under 42 U.S.C. § 1983, in that the actions of each of these individual defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of plaintiff.

## SECOND CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in Violation of the First, Fourth and Fourteenth Amendments and in Violation of 42 U.S.C. § 1981

69. The plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein.

70. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

71. The plaintiff in this action is a citizen of the United States and defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

72. The defendants to this claim at all times relevant hereto were acting under the color of state law.

74. Plaintiff had the following clearly established rights at the time of the complained of conduct: the right to be secure in his person from unreasonable seizure through excessive force under the Fourth Amendment; the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment; and the right to exercise his constitutional rights of free speech under the First Amendment without retaliation.

75. The defendants knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

76. The acts or omissions of these defendants, as described herein, deprived plaintiff of his constitutional and statutory rights and caused her other damages.

77. The acts or omissions of defendants as described herein intentionally deprived plaintiff of his constitutional and statutory rights and caused her other damages.

78. The defendants are not entitled to qualified immunity for the complained of conduct.

79. Upon information and belief, the defendants, COMMISSIONER GARCIA and COMMISSIONER CARTER, or their predecessors as well as THE NYC DHS POLICE and NYC DHS were, at all times relevant hereto, policymakers for NYC, respectively, and in that capacity established and/or ratified policies, procedures, customs, and/or practices for the same.

80. Upon information and belief, these defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

81. Upon information and belief, the defendants have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of plaintiff and of the public.

82. In light of the duties and responsibilities of those employees and officers that participate in interacting with homeless individuals, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

83. The deliberately indifferent training and supervision provided by defendants resulted from a conscious and/or deliberate choice to follow a course of action from among various alternatives available to defendants and were moving forces in the constitutional and federal-violation injuries complained of by plaintiff.

84. As a direct result of defendants' conduct, plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial.

85. As a further result of the defendants' conduct, plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

86. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowed by federal law. These may also be special damages for lien interests.

87. Finally, plaintiff seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to address defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, training and supervision with respect to the rights described herein.

## THIRD CLAIM FOR RELIEF
### Pendent State Law Claim for Negligence Against Defendants Under Ancillary Jurisdiction Power of the Court

88. The plaintiff hereby incorporates all other paragraphs of this complaint as if fully set forth herein.

89. Each and every defendant herein is also liable under New York State law under a theory of negligence, including negligent supervision of staff, negligent operation of KSMS and in general negligence in the hiring, training and supervision of employees and negligence in the establishment, operation and supervision of KSMS.

90. As a result of said negligence, the plaintiff was injured in the same manner as previously alleged in the previous paragraphs of this complaint.

91. The court may hear these claims in addition to those based on federal jurisdiction because the court herein is empowered with federal ancillary jurisdiction to hear state law claims that are related to the federal claims and arise out of a common nucleus of operative facts.

**PRAYER FOR RELIEF**

WHEREFORE the plaintiff prays that this Court enter judgment for the plaintiff and against each of the defendants on each of the three claims for relief, as follows:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B. special damages in an amount to be determined at trial;

C. punitive damages on all claims allowed by law against individual defendants and in an amount to be determined at trial;

D. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

E. pre- and post-judgment interest at the lawful rate; and,

F. any further relief that this court deems just and proper, and any other appropriate relief at law and equity, including injunctive relief against one or all of the defendants.

Dated: New York, NY
December 12, 2019

ABRAMS & KAPLAN, P.C.
Attorneys for Plaintiff PRINCETON
122 East 42nd Street (Suite 620)
New York, NY 10168
(917) 208-2105

**VERIFICATION**

State of New York
    ss.:
County of New York

Plaintiff, DARREN PRINCETON, is over the age of 18 and swears under the penalties of perjury that he has read the foregoing complaint, knows the contents thereof and states that said complaint is true to the best of his knowledge.

_____
DARREN PRINCETON

Sworn to Before Me
This 12th Day of December, 2019

_____
NOTARY PUBLIC

DAVID ADAM KAPLAN
NOTARY PUBLIC, STATE OF NEW YORK
No. 02KA6316981
Qualified in New York County
Commission Expires 12-24-h2